UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JENNIFER B. POWER AND JENNIFER J. TROWBRIDGE,   Plaintiffs,<br><br>v.<br><br>ROYAL HYWAY TOURS, INC. AND GRAY LINE OF ALASKA,   Defendants. | Case No. 3:21-cv-1145 (VLB)<br><br>September 23, 2022 |

### MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS [DKT. 16]

This diversity action arises from the claims of Plaintiffs, Jennifer Power and Jennifer Trowbridge, that they sustained personal injuries as a result of an automobile accident caused by the negligence of Defendant, Royal Hyway Tours, Inc.'s,[1]. Defendant has moved to dismiss the complaint for lack of personal jurisdiction. [Mot. to Dismiss, Dkt. 16]. Plaintiffs opposes the motion to dismiss and move, in the alternative, to have this case transferred to the District of Alaska. [Opp., Dkt. 26].

For the following reasons, Defendant's motion to dismiss is GRANTED and this case is to be transferred to the District of Alaska.

I.   STANDARD OF REVIEW

"On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the

---

[1] Royal Hyway Tours, Inc., is erroneously named as two separate entities in the complaint. Gray Line of Alaska is a fictious business name of Royal Hyway Tours Inc. and not a separate legal entity. See [Dkt. 16-1 at 1 n.1].

1

defendant." *Metro. Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996).

> A plaintiff may carry this burden by pleading in good faith . . . legally sufficient allegations of jurisdiction, i.e., by making a 'prima facie showing' of jurisdiction. . . . A plaintiff can make this showing through his own affidavits and supporting materials[,] . . . , containing an averment of facts that, if credited . . . , would suffice to establish jurisdiction over the defendant. [W]here the issue is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor [.]

*Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001) (internal citations omitted). "However, a plaintiff may not rely on conclusory statements without any supporting facts, as such allegations would 'lack the factual specificity necessary to confer jurisdiction.' " *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Wynn Las Vegas, LLC*, 509 F. Supp. 3d 38, 47 (S.D.N.Y. 2020) (citing to *Art Assure Ltd., LLC v. Artmentum GmbH*, No. 14 Civ. 3756 (LGS), 2014 WL 5757545, at *2 (S.D.N.Y. Nov. 4, 2014)).

## II. BACKGROUND

Plaintiffs are residents of the State of Connecticut. [Am. Compl. at ¶¶ 3–4, Dkt. 15]. Defendant is a corporation established under the laws of the State of Alaska with a principal place of business in the State of Washington. [*Id.* at ¶ 5].

On or about August 28, 2018, Plaintiffs booked a cruise with Norwegian Cruise Line on a vessel called the Norwegian Jewel, which was scheduled to depart from Anchorage, Alaska on September 2, 2019, and arrive in Vancouver, Canada on September 9, 2019. [*Id.* at ¶ 7]. Plaintiffs purchased the cruise tickets, including tickets from "shore excursions" entirely online while in the State of Connecticut. [*Id.* at ¶ 8].

Defendant contracted with Norwegian Cruise Line to provide transportation and other services to cruise passengers, including transporting passengers to shore excursions in Alaska. [*Id.* at ¶ 9; Opp. to Mot. to Dismiss at PDF pp. 28–41]. On September 5, 2019, as part of a shore excursion purchased from Norweigian Cruise Line, Plaintiffs were passengers on one of Defendant's tour buses when it collided with another tour bus in a parking lot in Juneau, Alaska. [Am. Compl. ¶¶ 13–14]. Plaintiff's claim to have suffered injuries from the collision. [*Id.* ¶ 15].

Defendant has filed a motion to dismiss for lack of personal jurisdiction. [Mot. to Dismiss]. Plaintiff objects, arguing the Court has personal jurisdiction over Defendant and, if the Court finds it lacks personal jurisdiction over Defendant, Plaintiff requests the Court transfer this case to the District of Alaska. [Opp.].

### III. DISCUSSION

#### a. *Personal Jurisdiction*

"In a federal question case where a defendant resides outside the forum state, a federal court applies the forum state's personal jurisdiction rules 'if the federal statute does not specifically provide for national service of process.'" *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997) (quoting *Mareno v. Rowe,* 910 F.2d 1043, 1046 (2d Cir. 1990)). Here, the forum state is Connecticut.

There are "two categories of personal jurisdiction: general and specific personal jurisdiction." *Gucci America, Inc. v. Weixing Li*, 768 F.3d 122, 134 (2d Cir. 2014). "General, all-purpose jurisdiction permits a court to hear 'any and all claims' against an entity." *Id.* (citing to *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). "Specific jurisdiction, on the other hand, permits adjudicatory authority only over

issues that "aris[e] out of or relat[e] to the [entity's] contacts with the forum." *Id.* (citing to Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984)). Here, the Plaintiffs do not assert Defendant is subject to general jurisdiction in the State of Connecticut. Thus, the issue here is whether this Court has specific personal jurisdiction over Defendant.

"A defendant's conduct is sufficient for the exercise of personal jurisdiction if (1) the conduct satisfies the requirements of the Connecticut long-arm statute, and (2) the conduct satisfies the 'minimum contacts' requirement of the Due Process Clause of the Fourteenth Amendment." *Doe v. Ciolli*, 611 F. Supp. 2d 216, 220–21 (D. Conn. 2009).

Connecticut General Statutes § 33-929(e)-(f) is the Connecticut long-arm statute that governs the excersice of jurisdiction over foreign corporations of the state. Section 33-929 provides:

> **(e) Every foreign corporation which transacts business in this state in violation of section 33-920 shall be subject to suit in this state upon any cause of action arising out of such business.**
>
> **(f) Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated**

activity or single acts, and whether arising out of misfeasance or nonfeasance.

Plaintiff does not make a specific argument with respect to how this Court has jurisdiction over Defendant under the Connecticut long-arm statement. Rather, Plaintiff makes two general statements about Defendant. First, Plaintiff states, conclusorily, that Defendant solicits business in the State of Connecticut. Plaintiff provides no specific factual allegations or evidence to support this legal conclusion. Second, Plaintiff states that Defendant is a third-party beneficiary of a Norweigan Cruises Guest Ticket Contract. Plaintiff provides no argument, legal or otherwise, as to why an out-of-state third party beneficiary contract between two out of state corporations could be a valid basis for execerising personal jurisdiction over Defendants. The contract was not made in Connecticut and was not to be performed in Connecticut. Plaintiffs purchased their excursion through Norweigian Cruise Lines, and not out of any solicitation by Defendant in Connecticut. In short, Plaintiff has failed to meet its burden of establishing personal jurisdiction by failing to show Defendant's conduct satisfies the requirements of the Connecticut long-arm statute.[2]

Therefore, the Court finds it cannot exercise personal jurisdiction over Defendant.

    b. *Venue*

---

[2] **The Court does not need to address the parties' arguments with respect to constitutional personal jurisdiction because Plaintiffs have not met their burden with respect to the Connecticut long-arm statute, a requirement for finding personal jurisdiction.**

Plaintiff asks that Court, that in the event it finds a lack of personal jurisdiction, to transfer this case to the District of Alaska. Defendant does not oppose.

"In deciding motions to transfer venue under § 1404(a), courts inquire, first, 'whether the action could have been brought in the transferee district and, if yes, whether transfer would be an appropriate exercise of the Court's discretion.'" *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 743 (S.D.N.Y. 2013).

Under 28 U.S.C. § 1391(b)(1), venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." A defendant entity is deemed to "reside" "in any judicial district which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(2). Here, Defendant undoubtfully resides in the Alaska judicial district because the State of Alaska is where Defendant is incorporated. Therefore, the action could have been brought in the transferee district.

The inquiry now is whether the Court should transfer this case to Alaska.

Assessing whether transfer is a valid exercise of discretion requires the Court to balance various factors: (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

*Everlast World's Boxing Headquarters Corp*, 928 F. Supp. 2d at 743.  Here, Defendant does not oppose Plaintiffs' request for transfer.  The Court sees no need to engage in a detailed analysis of each factor discussed above because the parties are not disputing the approrpriateness of transfer and this is not a close call.  Alaska is the home of Defendant, the situs of the accident, and home to the employee eye witnesses.  Alaska law is governing in this action as it is the place where the injury occurred, the place where the conduct causing the injury occurred, where Defendant's principal place of business it, and the place where the relationship between the parties is centered.[3]  The District Court of Alaska certainly has familiarity with Alaska tort law.  Thus, venue is appropriate in Alaska.

Therefore, the Court finds transferring this case to the District of Alaska is an appropriate exercise of discretion.

## IV.  CONCLUSION

For the above reasons, the Court does not have personal jurisdiction over Defendant.  The Court finds that the interest of justice warrant transferring this case to the District of Alaska.

The Clerk is directed to transfer this case to the District of Alaska.

IT IS SO ORDERED.

                                                  /s/
                                        Hon. Vanessa L. Bryant
                                        United States District Judge

Dated this day in Hartford, Connecticut: September 23, 2022

---

[3] *See Svege v. Mercedes Benz Credit Corp.*, 182 F. Supp. 2d 226, 229–30 (D. Conn. 2002) (finding under Connecticut choice of law rules, the court is to apply the most significant relationship test, which is the place with the most significant relationship to the occurred and the parties).

7